# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BRYANT LUMPKIN,

    Plaintiff,

v.                                                          Case No. 8:25-cv-436-TPB-CPT

STATE OF FLORIDA, SIXTH JUDICIAL
CIRCUIT COURT, et al.,

    Defendants.
_____/

## ORDER DISMISSING CASE

This matter is before the Court *sua sponte*. After reviewing the complaint (Doc. 4), court file and the record, the Court finds as follows:

Plaintiff Bryant Lumpkin, proceeding *pro se* in this matter, alleges that he faces immediate eviction in violation of his due process rights protected by the United States Constitution. This Court lacks jurisdiction over his claims.

To the extent that Plaintiff takes issue with state court rulings, orders, and judgments, including any eviction orders enforced by the state court, his claims would be barred by the *Rooker-Feldman* doctrine because he essentially seeks review of state court proceedings and rulings. "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citations omitted). This jurisdictional bar "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Incorvaia v. Incorvaia*, 154 F. App'x 127, 128 (11th Cir. 2005) (quoting *Goodman ex rel.*

*Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)).  Here, Plaintiff's constitutional claims appear inextricably intertwined with any state court judgments.

Second, to the extent that Plaintiff is asking the Court to intervene in an ongoing state court proceeding, the Court would abstain from doing so under the *Younger* abstention doctrine.[1]  Under *Younger*, "federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *See Newsome v. Broward Cty. Pub. Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Upon consideration of these factors, the Court finds that abstention would be warranted to the extent that any of the state court proceedings referenced in the complaint remain active and pending.

Simply put, this is a tenant-eviction case that does not belong in federal court. Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)     This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

(2)     The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971) (holding that a federal court should decline to intervene in a state court proceeding absent a showing of bad faith, harassment, or a patently invalid state statute).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of February, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE